UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CATHERINE SEDA,

        Plaintiff,

v.                                                  CASE NO. 8:15-cv-00311-T-36MAP

ALL FLORIDA APPLIANCE & A/C, INC.,

        Defendant.

_____/

## <u>REPORT AND RECOMMENDATION</u>

Before the Court is the parties' joint motion for approval of the settlement agreement and for dismissal with prejudice (doc. 29).[1] This action involves claims arising under the Fair Labor and Standards Act ("FLSA"). In her complaint, Plaintiff alleged that Defendant violated the FLSA by requiring Plaintiff to work off-the-clock, shaving Plaintiff's time records, and failing to properly calculate overtime wages. *See* doc. 1. As damages, Plaintiff requested, among other things, compensation for all previous hours worked over forty (40) hours in any given week during her employment, liquidated damages, unpaid wages, and attorneys' fees. *Id.* The parties entered into a settlement agreement on or around May 27, 2015 (doc. 29-1). In that agreement, Defendants agreed to pay Plaintiff the sum of $14,000 in wage income, $14,000 in liquidated damages, and $17,000 in attorneys' fees in exchange for Plaintiff's general release of claims, voluntary dismissal of this action with prejudice, and the confidentiality of the agreement, among other things (*Id.* at p. 2-4). The parties' motion states that they have amicably resolved all disputed claims and have

---

[1] This matter was referred to the undersigned for a report and recommendation pursuant to Local Rule 6.01(c)(21).

agreed to a settlement of Plaintiff's alleged FLSA claims for wages, liquidated damages, and attorneys' fees and costs (doc. 29, pp. 2-3). Additionally, the parties assert that they separately negotiated the amount of attorneys' fees without regard to the amount Plaintiff sought to settle her FLSA claims (*Id.* at p. 4). The parties maintain that the settlement reflects a fair and reasonable compromise of the Plaintiff's claims given the risks, uncertainties, and expense of further litigation or arbitration for all (*Id.*). Because I find the parties' settlement agreement constitutes a fair and reasonable compromise of the parties' dispute, the Court recommends that the motion be granted, and the case be dismissed with prejudice.

Compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). Therefore, in any FLSA case, the court must review the parties' settlement to determine whether it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55. The court is also required to ensure that counsel's fees are reasonable not only so that counsel is compensated adequately but also so that no conflict of interest arises between counsel's compensation and the amount the employee recovers under the parties' agreed settlement. *See Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).

When evaluating whether a compromise is fair and reasonable, courts have looked to the following factors: (1) whether there was fraud or collusion behind the settlement; (2) the complexity and duration of the case; (3) the stage of the proceedings; (4) the probability of Plaintiff's success; (5) the range of recovery, and (6) counsel's opinion. *See Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010) (citing *Pessoa v. Countrywide Home Loans, Inc.*, 2007 WL 1017577,

2

at 3 (M.D. Fla. Apr. 2, 2007). This list is not exhaustive nor does it appear that the Court has to consider one factor more important than the other. *Id.*

Keeping these factors in mind, the I note that the parties settled this case a little over three months after Plaintiff filed her complaint. Although I was not privy to the time sheets or payroll records analyzed in computing Plaintiff's damages, the parties aver that they reached their settlement after relying upon the legal advice of their own counsel and that the terms of the agreement have been read and its consequences have been completely explained to each party by their respective attorneys and that each party understands the terms of the agreement (doc. 29-1, p. 6). The parties agree they have a bona fide dispute as to whether Plaintiff is entitled to lost wages, liquidated damages, and attorneys' fees (doc. 29 at pp. 2-4). But, they are resolving this matter to the avoid the risks, uncertainties, and expense of further litigation or arbitration (*Id.* at p. 3). Both parties were represented by competent counsel who advised Plaintiff and Defendant as to the terms of the agreement. Accordingly, on the facts of this case, I find the settlement reflects "a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching."[2] *DeGraff v. SMA Behavioral Health Servs, Inc.*, 945 F. Supp. 2d 1324,

---

[2] The settlement agreement contains a confidentiality clause requiring the Plaintiff to maintain confidentiality of the terms of settlement. These clauses are not looked upon favorably, and some courts have found that they conflict with the FLSA's purpose and the public's access to judicial records. *See e.g. Dees*, 706 F. Supp. 2d at 1246; *Stalnaker v. Novar Corp.*, 293 F. Supp.2d 1260, 1263 (M.D. Ala. 2003). Nevertheless, I have found no authority declaring FLSA confidentiality provisions to be "per se unenforceable and violative of public policy. Rather, all but the most doctrinaire opinions on the subject acknowledge that there may be circumstances where confidentiality provisions may be appropriate and should be accepted." *Crabtree v. Volkert, Inc.*, No. 11-0529-WS-B, 2013 WL 593500, at *4 (S.D. Ala. Feb. 14, 2013) (citations omitted). I find under the circumstances of this case, the parties being represented by competent counsel and the fact that the public's interest will be adequately safeguarded by the disclosure of this FLSA settlement agreement on the record, that the settlement agreement should be approved notwithstanding the confidentiality clause. *Id.*

1329 (M.D. Fla. 2013) (quoting *Lynn's Food Stores, Inc.*, 679 F.2d at 1354).

As to attorneys' fees, Plaintiff did not provide time sheets detailing Plaintiff's attorneys' time and fees spent on this matter, but she did provide a summary of her counsel's hours and costs. *See* doc. 29, p. 4. Indeed, she claims Plaintiff's counsel had over 36.73 hours of attorney work, 91.78 hours of paralegal work, and $1,631.81 in FLSA-approved costs. *Id.* She also claims her counsel reduced fees by $5,063.50 to facilitate settlement. *Id.* Regardless, courts in this district have agreed that

> if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

*Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp.2d 1222, 1228 (M.D. Fla. 2009); *see also Mason v. Wyndham Vacation Ownership, Inc.*, No. 6:10-CV-1805-ORL35, 2012 WL 570060, at *3 (M.D. Fla. 2012); *Church v. Conrad Yelvington Distrib., Inc.*, No. 6:10-CV-1100-ORL-22, 2011 WL 6002519, at *2 (M.D. Fla. 2011). Those factors are met here as set forth in the parties' motion and settlement agreement. Thus, "there is no reason to assume that the lawyers' fee has influenced the reasonableness of the plaintiff's settlement." *Bonetti*, 715 F. Supp.2d at 1228. Furthermore, I find the attorneys' fees requested reflects a reasonable amount when considering my own experience, knowledge of market rates, and the case. *See DeGraff*, 945 F. Supp. 2d at 1329. Therefore, I find the terms of the settlement agreement are fair, just, and in accordance with the FLSA. *See Lynn's*

*Food Stores, Inc.*, 679 F.2d at 1352-53.  Accordingly, it is hereby

RECOMMENDED:

1.  That the parties' joint motion for approval of the settlement agreement, and dismissal with prejudice (doc. 29) be GRANTED.

2. That the Court enter an order dismissing the Plaintiff's case with prejudice.

IT IS SO REPORTED at Tampa, Florida on June 4, 2015.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal.  28 U.S.C. § 636(b)(1).